UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE TERRY, Personal Representative
of the Estate of John Hunter Wellman, Jr.,

    Plaintiff,

CASE NO. 09-13759
HON. LAWRENCE P. ZATKOFF

v.

METROPOLITAN LIFE INSURANCE
COMPANY and DEBORAH A. WELLMAN,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 23, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on several motions:

1. Defendant Metropolitan Life Insurance Company's ("MetLife") Motion for Summary Judgment (Docket #7). Plaintiff filed a response to this motion, to which MetLife replied.

2. Plaintiff's Motion for Summary Judgment against Defendant Deborah Wellman (Docket #9). No party has filed a response to this motion.

3. Plaintiff's Motion for Entry of Judgment (Docket #11). No party has filed a response to this motion.

The Court finds that the facts and legal arguments pertinent to the motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without this Court entertaining oral arguments.

## II. BACKGROUND

John Henry Wellman, Jr. ("Decedent") was a participant in the Ford Motor Company Life and Accidental Death and Disability Plan ("Plan") by reason of his employment with Ford Motor Company. MetLife issued a group insurance policy that funded the life insurance benefits payable under the Plan. The Plan is an employee welfare benefit plan that is regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and MetLife is the claims fiduciary for the Plan.

The Summary Plan Description provides that life insurance benefits are payable to the designated beneficiary:

> **Overview**
> Life and Accidental Death and Dismemberment (AD&D) insurance provides protection for your survivors.
>
> **Basic Life Insurance and Optional Life Insurance** pays benefits to your beneficiary if you die from any cause. In addition, a portion of your Basic Life Insurance and Optional Life Insurance benefit may be available if you become terminally ill.

The Summary Plan Description also provides information regarding the naming of a beneficiary:

> **Naming a Beneficiary**
> Company-Paid Basic Life and Optional Life Insurance
> You may change your beneficiary at any time. To do so, you must complete a beneficiary designation form and mail it to the insurance carrier (MetLife). You can also update your beneficiary online.

The Summary Plan Description further provides that MetLife, as the insurance carrier, has discretionary authority in administering claims:

> **Discretionary Authority**
> The insurance carrier has discretionary authority to construe, interpret, apply and administer the Plan. Decisions of The insurance carrier are final and conclusive, and are only subject to the arbitrary and capricious standard of judicial review.

On May 15, 1995, Decedent completed a Beneficiary Authorization Form designating his then-wife Deborah A. Wellman ("Defendant Wellman") as the beneficiary to receive the life insurance benefits payable under the Plan in the event of his death (the "Plan benefits"). The designation in the May 15, 1995, Beneficiary Authorization Form was the last designation completed by the Decedent.

On January 9, 2001, a Judgment of Divorce was entered in the Circuit Court for the County of Wayne, thus terminating the marriage between Defendant Wellman and Decedent. The "Insurance and Pensions" paragraph of the Judgment of Divorce provided:

INSURANCE AND PENSIONS

> IT IS FURTHER ORDERED AND ADJUDGED that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other, as beneficiary, in or to any pension, annuity, retirement allowance or accumulated contributions in any pension, annuity or retirement system of the other including any rights in and to the unvested pension, annuity or retirement benefits of the other is hereby satisfied and extinguished unless specifically preserved by this Judgment.

On May 15, 2009, Decedent died. At the time of his death, Basic Group Life benefits in the amount of $25,000 (*i.e.*, the Plan benefits) were payable to proper beneficiary. On May 23, 2009, Attorney Caryl Williams forwarded a letter to MetLife advising that: (a) she represented the Estate of John Hunter Wellman, Jr. (the "Estate"), and (b) Defendant Wellman had waived any right to receive the Plan benefits by reason of the provision of the Judgment of Divorce quoted above. On May 26, 2009, Defendant Wellman completed a Life Insurance Claim Form and submitted it to MetLife. On June 18, 2009, Sheila Ross, the successor attorney representing the Estate (hereinafter, "Plaintiff's counsel"), submitted a letter to MetLife on behalf of Plaintiff, which letter was similar to that prepared by Attorney Williams. On June 24, 2009, Plaintiff's counsel submitted another letter to MetLife, wherein she advised MetLife that she intended to file a legal action in order to

3

prevent distribution of the Plan benefits to Defendant Wellman.

On June 30, 2009, MetLife forwarded its determination regarding Plaintiff's contention to Attorney Williams. MetLife advised that it was denying the claim of Nicole Terry, the daughter of the Decedent, acting in her capacity as the Personal Representative of the Estate. The MetLife letter explained that the Plan was governed by ERISA and that the last designation completed by the Decedent did not name either Nicole Terry or the Estate. The letter further explained that under the holding in *Kennedy v. Plan Administrator for Dupont Savings & Investment Plan*, 129 S.Ct. 865, 2009 WL 160440 (2009), as well as prior Sixth Circuit authority, a divorce decree or other non-plan document that appears to waive a beneficiary's right to plan benefits cannot interfere with MetLife's determination to pay benefits to the designated beneficiary. The MetLife letter further explained that Nicole Terry and/or the Estate could file an appeal from MetLife's determination within 60 days. No appeal was ever filed.

On July 18, 2009, Plaintiff filed an action in the Wayne County Circuit Court against MetLife and Defendant Wellman. As with all prior correspondence from Plaintiff, the complaint was mailed to a MetLife claims office at an address in Scranton, Pennsylvania. Delivery to that address, however, did not constitute proper service on MetLife because it did not comply with the requirements of M.C.R. 2.105. MetLife states that, as a result of the improper service, MetLife never appeared in the Wayne County Circuit Court. Subsequent to the filing of the Wayne County Circuit Court action, two orders apparently were "entered" by the Wayne County Circuit Court. On July 24, 2009, an order was entered purportedly requiring MetLife to distribute the Plan benefits to the Estate. Subsequently, on July 28, 2009, an Order to restrain MetLife from distributing the Plan benefits was entered. On August 14, 2009, however, Plaintiff's counsel wrote MetLife and advised

4

that, although the motion to restrain the distribution of the life insurance benefits was granted, an incorrect order was inadvertently distributed and entered. The Wayne County Circuit Court orders and the August 14, 2009 letter from Plaintiff's counsel were sent by mail to the Scranton, Pennsylvania address. MetLife therefore again asserts that such correspondence was not properly served on MetLife. It is unclear whether the Wayne County Circuit Court orders are valid, as evidenced by the fact that Plaintiff's counsel advised MetLife that the July 24, 2009, order for distribution of the Plan benefits was incorrectly entered and is of no effect.

On September 23, 2009, MetLife, with the concurrence of Defendant Wellman, removed Plaintiffs' action to this Court. Despite her signature on the Notice of Removal, the Court notes that Defendant Wellman has never filed an answer in this matter (in either Wayne County Circuit Court or this Court), nor has she filed a response to any motion that has been filed.

### III. LEGAL STANDARD

As recently stated by the Sixth Circuit:

> Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Spees v. James Marine, Inc., – F.3d –, Case No. 09-5839, 2010 WL 3119969, at *6 (6th Cir., Aug. 10, 2010).

# IV. ANALYSIS

**A.      MetLife's Motion for Summary Judgment**

In its motion for summary judgment, MetLife moves the Court to confirm that the Plan benefits are properly payable to Defendant Wellman, the last beneficiary designated by the Decedent. In support of its motion, MetLife relies on the Supreme Court's decision in *Kennedy v. Plan Administration for Dupont Savings & Investment Plan, supra*, as well as existing Sixth Circuit law. In her response, Plaintiff concedes that *Kennedy* governs the instant case and that MetLife has a duty under the Plan to pay the Plan benefits to Defendant Wellman. Like Plaintiff, the Court concludes that: (1) *Kennedy* is controlling in this case, (2) the Plan benefits are properly payable to Defendant Wellman under the Plan, and (3) MetLife must pay the Plan benefits to Defendant Wellman.

For the foregoing reasons, the Court grants MetLife's motion for summary judgment.

**B.      Plaintiff's Motion for Summary Judgment**

Notwithstanding her concession that MetLife must pay the Plan benefits to Defendant Wellman, Plaintiff requests that the Court not order MetLife to pay the Plan benefits directly to Defendant Wellman. Plaintiff instead urges the Court to impose a constructive trust in favor of Plaintiff because Defendant Wellman allegedly waived her right to the Plan benefits under the terms of the Judgment of Divorce. In her Motion for Summary Judgment, Plaintiff asks the Court to impose a constructive trust and "reinstate" the orders intended to be entered by the Wayne County Circuit Court. As the validity of the orders entered by the Wayne County Circuit Court is questionable based on the representations of Plaintiff's counsel and the fact that, at the time they were issued, ERISA pre-empted the state law upon which such orders were based, the Court shall

6

not "reinstate" such orders. For the following reasons, however, the Court concludes that the imposition of a constructive trust is appropriate.

As set forth in *Kennedy* and in well-settled Sixth Circuit law, *see, e.g.*, *Central States SE & SW Areas Pension Fund v. Howell*, 227 F.3d 672, 677 (6th Cir. 2000), ERISA plan benefits must be distributed according to the plan documents. Once the plan benefits have been distributed, however, ERISA does not pre-empt the imposition of a constructive trust on those benefits pursuant to state law. *Central States*, 227 F.3d at 677. Under Michigan law, a constructive trust is appropriate in cases such as this one. Here, an inequitable result would occur if Defendant Wellman received the Plan benefits because Defendant Wellman waived her rights to the Plan benefits in the Judgment of Divorce. *See Sweebe v. Sweebe*, 474 Mich. 151, 157-58 (2006) (holding that a prior divorce decree extinguished any interest of the former spouse in life insurance proceeds because such proceeds belonged in equity to the decedent's estate). As in *Sweebe*, the Court finds that the Judgment of Divorce extinguished any right that Defendant Wellman may have had to the Plan benefits. Therefore, the Court concludes that principles of equity require the imposition of a constructive trust to prevent an unfair result in this case.

In order to ensure that the obligations of MetLife are discharged in accordance with the requirements of ERISA, the Court shall order that MetLife deposit the Plan benefits into the registry of the Court for the benefit of Defendant Wellman. Further, as Defendant Wellman has: (1) never answered the Complaint, (2) filed an appearance, or (3) answered any other filing in this matter,[1] a

---

[1] Defendant Wellman has been designated as a *pro se* litigant on the docket in this matter and her address is listed on the docket. Defendant Wellman has not taken any action with respect to this case in Wayne County Circuit Court or this Court, however, other than as a signatory on MetLife's Notice of Removal. The address for Defendant Wellman set forth on the docket is the same as the address that appears on the Notice of Removal.

constructive trust on behalf of and in favor of Nicole Terry, Personal Representative of the Estate, will be imposed upon those proceeds. MetLife and Plaintiff each shall serve Defendant Wellman with a copy of this Opinion and Order, via registered mail, at the address listed for Defendant Wellman on the docket. If Defendant Wellman fails to make a claim against the proceeds within 30 days of the date MetLife deposits such proceeds into the Court's registry: (a) the proceeds and any interest accrued thereon will be released in their entirety to Plaintiff, and (b) MetLife will be discharged of all liability related to the Plan benefits payable upon the death of Decedent.

For the foregoing reasons, the Court grants Plaintiff's Motion for Summary Judgment against Defendant Wellman.

**C.     Plaintiff's Motion for Entry of Judgment**

In her Motion for Entry of Judgment, Plaintiff asks the Court enter judgment in her favor in the amount of $25,000 and impose a constructive trust in favor of Plaintiff. As set forth in Section IV.B., the Court has ordered the imposition of a constructive trust on the life insurance proceeds to be paid into the Court registry by MetLife. Until such time as the 30-day period for Defendant Wellman to make a claim against the proceeds has expired, however, the Court shall not enter judgment in favor of Plaintiff. In the event no claim is made against the proceeds during the 30-day period, Plaintiff may present the Court with a proposed order for entry of judgment. Accordingly, the Court denies without prejudice Plaintiff's Motion for Entry of Judgment.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that:

1. MetLife's Motion for Summary Judgment (Docket #7) is GRANTED,

2. Plaintiff's Motion for Summary Judgment against Defendant Wellman (Docket #9) is GRANTED, and

3. Plaintiff's Motion for Entry of Judgment (Docket #11) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that MetLife shall promptly pay into the registry of this Court the Plan benefits payable upon the death of Decedent, as set forth herein. The payment may be made by regular check.

IT IS FURTHER ORDERED that a constructive trust in favor of Nicole Terry, as Personal Representative of the Estate, is hereby imposed upon said proceeds.

IT IS FURTHER ORDRED that MetLife and Plaintiff each shall mail to Defendant Wellman, via registered mail, at the address for Defendant Wellman on the docket, a copy of this Opinion and Order.

IT IS FURTHER ORDERED that, if Defendant Wellman fails to make a claim against the proceeds within 30 days of MetLife depositing such proceeds into the registry of this Court: (a) the proceeds and any interest accrued thereon shall be released in their entirety to Plaintiff, and (b) MetLife shall be discharged of all liability related to the Plan benefits payable upon the death of Decedent.

IT IS SO ORDERED.

                                                    s/Lawrence P. Zatkoff
                                                    LAWRENCE P. ZATKOFF
                                                    UNITED STATES DISTRICT JUDGE

Dated: September 23, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 23, 2010.

                                                    s/Marie E. Verlinde
                                                    Case Manager
                                                    (810) 984-3290