UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE TERRY, Personal Representative
of the Estate of John Hunter Wellman, Jr.,

    Plaintiff,

CASE NO. 09-13759
HON. LAWRENCE P. ZATKOFF

v.

METROPOLITAN LIFE INSURANCE
COMPANY and DEBORAH A. WELLMAN,

    Defendants.
_____ /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 14, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

Currently before the Court are several matters:

1. Defendant Deborah A. Wellman's ("Wellman") Motion for Leave to File Answer and Counterclaim, and Reconsideration and Setting Aside of that Portion of the Court's September 23, 2010 Opinion and Order Granting of Summary Judgment in Plaintiff's Favor and Establishing a Constructive Trust in Favor of Plaintiff ("Motion for Leave") (Docket #18).  Plaintiff filed a response to the Motion for Leave.

2. Wellman's Notice of Claim to Funds Held by Clerk of Court ("Notice of Claim") (Docket #19).  Plaintiff has filed a response to the Notice of Claim.

3. Plaintiff's Motion for Entry of Judgment (Docket #28).  Wellman has filed a response to the Motion for Entry of Judgment.

The Court finds that the facts and legal arguments pertinent to the motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore,

pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without this Court entertaining oral arguments.

## II.  BACKGROUND

John Henry Wellman, Jr. ("Decedent") was a participant in the Ford Motor Company Life and Accidental Death and Disability Plan ("Plan") by reason of his employment with Ford Motor Company.  Metropolitan Life Insurance Company ("MetLife") issued a group insurance policy that funded the life insurance benefits payable under the Plan. The Plan is an employee welfare benefit plan that is regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and MetLife is the claims fiduciary for the Plan.

The Summary Plan Description provides that life insurance benefits are payable to the designated beneficiary:

> **Overview**
> Life and Accidental Death and Dismemberment (AD&D) insurance provides protection for your survivors.
>
> **Basic Life Insurance and Optional Life Insurance** pays benefits to your beneficiary if you die from any cause. In addition, a portion of your Basic Life Insurance and Optional Life Insurance benefit may be available if you become terminally ill.

The Summary Plan Description also provides information regarding the naming of a beneficiary:

> **Naming a Beneficiary**
> Company-Paid Basic Life and Optional Life Insurance
> You may change your beneficiary at any time. To do so, you must complete a beneficiary designation form and mail it to the insurance carrier (MetLife). You can also update your beneficiary online.

The Summary Plan Description further provides that MetLife, as the insurance carrier, has discretionary authority in administering claims:

> **Discretionary Authority**
> The insurance carrier has discretionary authority to construe, interpret, apply and administer the Plan. Decisions of the insurance carrier are final and conclusive, and are only subject to the arbitrary and capricious standard of judicial review.

On May 15, 1995, Decedent completed a Beneficiary Authorization Form designating his then-wife (Wellman) as the beneficiary to receive the life insurance benefits payable under the Plan in the event of his death (the "Plan benefits"). The designation in the May 15, 1995, Beneficiary Authorization Form was the last designation completed by the Decedent.

On January 9, 2001, a Judgment of Divorce was entered in the Circuit Court for the County of Wayne, thereby terminating the marriage between Wellman and Decedent. The "Insurance and Pensions" paragraph of the Judgment of Divorce provided:

INSURANCE AND PENSIONS

> IT IS FURTHER ORDERED AND ADJUDGED that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other, as beneficiary, in or to any pension, annuity, retirement allowance or accumulated contributions in any pension, annuity or retirement system of the other including any rights in and to the unvested pension, annuity or retirement benefits of the other is hereby satisfied and extinguished unless specifically preserved by this Judgment.

On May 15, 2009, Decedent died. At the time of his death, Basic Group Life benefits in the amount of $25,000 (*i.e.*, the Plan benefits) were payable to proper beneficiary. On May 23, 2009, Attorney Caryl Williams forwarded a letter to MetLife advising that: (a) she represented the Estate of John Hunter Wellman, Jr. (the "Estate"), and (b) Wellman had waived any right to receive the Plan benefits by reason of the provision of the Judgment of Divorce quoted above. On May 26, 2009, Wellman completed a Life Insurance Claim Form and submitted it to MetLife. On June 18, 2009, Sheila Ross, the successor attorney representing the Estate (hereinafter, "Plaintiff's counsel"),

submitted a letter to MetLife on behalf of Plaintiff, which letter was similar to that prepared by Attorney Williams. On June 24, 2009, Plaintiff's counsel submitted another letter to MetLife, wherein she advised MetLife that she intended to file a legal action in order to prevent distribution of the Plan benefits to Wellman.

On June 30, 2009, MetLife forwarded its determination regarding Plaintiff's contention to Attorney Williams. MetLife advised that it was denying the claim of the Estate, made by Nicole Terry, the daughter of the Decedent, acting in her capacity as the Personal Representative. The MetLife letter explained that the Plan was governed by ERISA and that the last designation completed by the Decedent did not name either Nicole Terry or the Estate. The letter further explained that under the holding in *Kennedy v. Plan Administrator for Dupont Savings & Investment Plan*, 129 S.Ct. 865, 2009 WL 160440 (2009), as well as prior Sixth Circuit authority, a divorce decree or other non-plan document that appears to waive a beneficiary's right to plan benefits cannot interfere with MetLife's determination to pay benefits to the designated beneficiary. The MetLife letter further explained that Nicole Terry and/or the Estate could file an appeal from MetLife's determination within 60 days. No appeal was ever filed.

On July 18, 2009, Plaintiff filed an action in the Wayne County Circuit Court against MetLife and Wellman. On September 23, 2009, MetLife, with the concurrence of Wellman, removed Plaintiff's action to this Court.

In the Court's September 23, 2010, Opinion and Order, the Court ruled that:

> (1) [T]he Supreme Court's recent decision, *Kennedy v. Plan Administrator for Dupont Savings & Investment Plan*, 555 U.S. 285 (2009), is controlling in this case, the Plan benefits are properly payable to Wellman under the Plan, and MetLife must pay the Plan benefits to Wellman.
>
> (2) As set forth in *Kennedy* and in well-settled Sixth Circuit law, *see, e.g.*,

4

> *Central States SE & SW Areas Pension Fund v. Howell*, 227 F.3d 672, 677 (6th Cir. 2000), ERISA plan benefits must be distributed according to the plan documents. Once the plan benefits have been distributed, however, ERISA does not pre-empt the imposition of a constructive trust on those benefits pursuant to state law. *Central States*, 227 F.3d at 677. Under Michigan law, a constructive trust is appropriate in cases such as this one. Here, an inequitable result would occur if Wellman received the Plan benefits because waived her rights to the Plan benefits in the Judgment of Divorce. *See Sweebe v. Sweebe*, 474 Mich. 151, 157-58 (2006) (holding that a prior divorce decree extinguished any interest of the former spouse in life insurance proceeds because such proceeds belonged in equity to the decedent's estate). As in *Sweebe*, the Court finds that the Judgment of Divorce extinguished any right that Wellman may have had to the Plan benefits. Therefore, the Court concludes that principles of equity require the imposition of a constructive trust to prevent an unfair result in this case.
>
> In order to ensure that the obligations of MetLife are discharged in accordance with the requirements of ERISA, the Court shall order that MetLife deposit the Plan benefits into the registry of the Court for the benefit of Wellman. Further, as Wellman has: (1) never answered the Complaint, (2) filed an appearance, or (3) answered any other filing in this matter,[1] a constructive trust on behalf of and in favor of Nicole Terry, Personal Representative of the Estate, will be imposed upon those proceeds. MetLife and Plaintiff each shall serve Wellman with a copy of this Opinion and Order, via registered mail, at the address listed for on the docket. If Wellman fails to make a claim against the proceeds within 30 days of the date MetLife deposits such proceeds into the Court's registry: (a) the proceeds and any interest accrued thereon will be released in their entirety to Plaintiff, and (b) MetLife will be discharged of all liability related to the Plan benefits payable upon the death of Decedent.

Following the Court's entry of the September 23, 2010, Opinion and Order:

    a.    MetLife deposited the $25,000 of Plan benefits with the Clerk of the Court;

    b.    Wellman filed the Motion for Leave;

---

[1] Prior to an attorney filing an appearance on Wellman's behalf on October 20, 2010 (*i.e.*, after the Court issued the September 23, 2010, Opinion and Order), Wellman had been designated as a *pro se* litigant on the docket in this matter. Wellman herself never took any action with respect to this case in Wayne County Circuit Court or this Court, however, other than as a signatory on MetLife's Notice of Removal.

      c.      Wellman filed the Notice of Claim;

      d.      Plaintiff and Wellman stipulated to the dismissal of MetLife and the release of liability against MetLife; and

      e.      Plaintiff filed the Motion for Entry of Judgment.

## III. ANALYSIS

This case, and all three of the filings noted above, pertain to the issue of whether Plaintiff or Wellman is entitled to the Plan benefits deposited into the Court's registry by MetLife. As noted above, the Court previously ruled that MetLife had a duty to pay the Plan benefits to Wellman but that a constructive trust was to be imposed on the Plan benefits - a constructive trust that was to be effectuated by MetLife depositing the Plan benefits ($25,000) with the Court registry. Notwithstanding the arguments of Wellman to the contrary in her recent filings, the Court continues to find the reasoning in *Central States* supports its conclusion that equitable principles dictate that the Plan benefits should be paid to Plaintiff, not to Wellman.

In *Central States*, the Court stated:

> In this case, the JoAnn Howell seeks to impose a constructive trust on Kenneth Howell's ERISA welfare benefit plan benefits. Kenneth Howell changed the beneficiary designation in accordance with the plan documents. On this issue, our precedents are clear - the beneficiary card controls the person to whom the plan administrator must pay the benefits. However, we hold today that **once the benefits have been released to the properly designated beneficiary, the district court has the discretion to impose a constructive trust upon those benefits in accordance with applicable state law if equity so requires**. The district court's opinion did not fully discuss the equities among the parties because it apparently believed that ERISA precluded it from imposing a constructive trust. We therefore REMAND this case for the district court's consideration of the equities under applicable Michigan state law. However, in so doing, we express no opinion whatsoever as to how those equities lie.

*Central States*, 227 F.3d at 679 (emphasis added) (footnote omitted).

In this case, the Court held that the Plan benefits were to be released to Wellman, the designated beneficiary under the Plan documents. This step was consistent with the Sixth Circuit cases Wellman cites and relies upon in her Motion to Leave and her response in opposition to Plaintiff's Motion for Entry of Judgment, specifically, *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126 (6th Cir. 1996), and *McMillan v. Parrott*, 913 F.2d 310 (6th Cir. 1990). Both of these cases were decided prior to, and are not inconsistent with the Sixth Circuit's ruling in *Central States* (and the U.S. Supreme Court's ruling in *Kennedy, supra*), both of which initially require that the life insurance proceeds under an ERISA plan be paid to the designated beneficiary.

The Court also, however, exercised its discretion to impose a constructive trust upon the Plan benefits, as permitted by *Central States*, a case that Wellman never addresses. In conformance with *Central States*, the Court ordered the imposition of a constructive trust on the Plan benefits because established equitable principles under Michigan state law weighed against permitting Wellman to retain the Plan benefits. More specifically, the Court relied on, and continues to rely on, the Michigan Supreme Court's holding in *Sweebe, supra* (*i.e.*, that when a prior divorce decree extinguished all interests of a former spouse in the life insurance proceeds of the deceased, the proceeds of the life insurance policy belong in equity to the decedent's estate).

For the foregoing reasons, and because Wellman did not file her Motion for Leave until more than one year after she agreed that this should be removed to this Court, the Court concludes that Wellman has not established good cause or extraordinary circumstances that would warrant granting her permission to file the pleadings she requests. Therefore, the Court denies Wellman's Motion for Leave.

7

In addition, as the Court finds that equitable principles preclude awarding the Plan benefits to Wellman, and there being no other claimant to the Plan benefits other than Plaintiff, the Court concludes the Clerk of the Court shall now pay out to Plaintiff the Plan benefits MetLife deposited into the Court's registry. Therefore, the Court grants Plaintiff's Motion for Entry of Judgment.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that the Court DENIES Wellman's Motion for Leave (Docket #18) and GRANTS Plaintiff's Motion for Entry of Judgment (Docket #28).

IT IS FURTHER ORDERED that, on or after October 18, 2011, the Clerk of the Court shall release to Plaintiff the entirety of the proceeds of the Plan benefits that MetLife deposited with the Court's registry, together with any interest that has accrued thereon.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                       S/Lawrence P. Zatkoff
                                       LAWRENCE P. ZATKOFF
                                       UNITED STATES DISTRICT JUDGE

Dated: September 14, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record

by electronic or U.S. mail on September 14, 2011.

               S/Marie E. Verlinde
               Case Manager
               (810) 984-3290